SLIP OPINION    Cite as 2016 Ark. App. 101



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–734

| | | |
|---|---|---|
| ROBBIE JEWEL LEWIS<br>APPELLANT | | **Opinion Delivered** February 17, 2016 |
| V. | | APPEAL FROM THE<br>INDEPENDENCE COUNTY<br>CIRCUIT COURT<br>[NO. CR2013-256] |
| STATE OF ARKANSAS<br>APPELLEE | | HONORABLE JOHN DAN KEMP,<br>JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

On May 27, 2014, Robbie Jewel Lewis was sentenced by the Circuit Court of Independence County to sixty months' probation on his negotiated plea of guilty to two counts of second-degree forgery, a Class C felony. The State subsequently filed a petition to revoke probation, alleging that Lewis had violated various conditions of his probation. At a May 12, 2015 revocation hearing, the court found that Lewis had inexcusably violated the conditions of his probation. The court revoked his probation and sentenced him to consecutive terms of imprisonment totaling 180 months in the Arkansas Department of Correction.

Lewis timely appeals the resultant sentencing order entered on May 28, 2015, and the amended sentencing orders of August 5 and 12, 2015. He raises one point, contending that the circuit court erred in revoking his probation because there was insufficient evidence that

SLIP OPINION

he inexcusably failed to abide by the conditions of his probation. The State responds that the court did not err in revoking probation. We affirm.

In revocation proceedings, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). Evidence that may not be sufficient to convict can be sufficient to revoke due to the lower burden of proof. *Newborn v. State*, 91 Ark. App. 318, 210 S.W.3d 153 (2005). A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Id*. Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Boyd v. State*, 2014 Ark. App. 336. The State need show only that the defendant committed one violation to sustain a revocation. *Prackett v. State*, 2014 Ark. App. 394, at 2.

The circuit court in the present case entered written findings of fact that Lewis had committed the offense of fleeing and had violated conditions concerning laws, alcohol, controlled substances, employment, cooperation, and special conditions. The evidence is as follows. On February 24, 2015, Independence County Deputy Sheriff Mike Price observed Lewis driving his white Mustang and running a stop sign. Deputy Price got behind Lewis and attempted to make a stop. Lewis did not stop when Price activated his blue lights first and then his siren. Lewis then passed other vehicles on a double yellow line, traveling fifteen miles over the speed limit and bypassing places to pull over. He finally stopped in the parking lot of a Dollar General Store, where he got out of his car more quickly than Deputy Price did.

Deputy Price testified,

As I got out, I ordered him to stop. He quickly walked around the rear of another vehicle he was parked beside, headed for the front doors of the Dollar Store. I caught up to him just as he was about to enter the door. He looked back at me, I fired and tasered X26, which struck him in the chest area, which temporarily immobilized him.

Deputy Price testified that Lewis was taken into custody and that Corporal John Carroll retrieved a digital scale while searching the passenger compartment of the vehicle that Lewis had occupied.

Krista Houston testified that she was Lewis's probation officer and that he understood the terms and conditions of his probation. Among those conditions were that he not consume alcohol or controlled substances and that he attend weekly drug-treatment classes. Houston testified that on three occasions from June through December 2014, Lewis admitted to her that he had used methamphetamine, and he signed confession forms to this effect; and that, on the December date, he tested positive for alcohol as well as methamphetamine. Lewis testified that he had used methamphetamine three times and alcohol once. Both Ms. Houston and Lewis testified that he had failed to report to his drug counselor on three occasions, from July 2014 through February 2015. Lewis claimed that he had called to reschedule some drug-treatment classes he had been unable to attend while caring for his sick grandmother, but Ms. Houston testified that no records verified his calling in.

Another condition of Lewis's probation was that he maintain gainful employment and complete 100 hours of community service. Lewis testified that he was his grandmother's full-time, paid caretaker and also a paid caretaker for an elderly neighbor. Ms. Houston testified

that Lewis had not been employed on a full-time basis and had not completed any community service. She testified that, although he reported to her that he was taking care of his grandmother, Houston had received no proof of full-time employment.

The circuit court concluded from this testimony that Lewis violated the terms of his probation that he must not commit a criminal offense punishable by imprisonment; drink or possess intoxicating or alcoholic beverages, or use, sell, distribute, or possess any controlled substance; and that he must be gainfully employed or enrolled as a student at all times, attend drug-treatment classes, and complete 100 hours of community service. We cannot say that the circuit court clearly erred in finding by a preponderance of the evidence that Lewis inexcusably violated conditions of his probation.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Thomas Kendrick*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.

SLIP OPINION