

# ARKANSAS COURT OF APPEALS

## DIVISION IV
### No. CR–15–1003

| | | |
|---|---|---|
| TIA WARE | | **Opinion Delivered** May 25, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. CR-2012-1274] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE THOMAS E. FOWLER, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

On January 28, 2013, Tia Ware was sentenced by the Circuit Court of Craighead County to sixty months' probation after pleading guilty to delivery of a controlled substance (amphetamine). The State later filed a petition and an amended petition to revoke, alleging that Ware had violated various conditions of the probation. At a September 28, 2015 revocation hearing, the circuit court revoked Ware's probation upon finding that she had inexcusably violated conditions. She was sentenced to twenty-four months' probation with twelve months to be spent in a Community Correction Center and was ordered to pay $50 a month toward previously imposed court costs, fines, and fees until fully paid.[1] She appeals

---

[1]If a court suspends the imposition of sentence or places a defendant on probation, the court may require confinement to a facility in the Department of Community Correction as a condition of its order, with the period actually spent in confinement not to exceed 365 days. Ark. Code Ann. § 5-4-304(a), (c)(1)(B) (Repl. 2013).

the resultant sentencing order, contending that the circuit court erred in revoking her probation because there was insufficient evidence that she inexcusably failed to abide by conditions. We affirm.

In revocation proceedings, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). Evidence that is insufficient for a conviction may be sufficient to revoke probation, which requires a lower burden of proof. *Lewis v. State*, 2016 Ark. App. 101, at 2, ___ S.W.3d ___, ___. A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Id.* Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Id.*

The circuit court noted that the conditions of Ware's probation required that she make payments toward her fines, not use controlled substances, and abide by rules and orders of the probation office. Speaking from the bench, the court announced its findings and pronounced sentence:

> I noted that in your testimony, you admitted that you missed a couple of meetings and while I don't like that, that does not concern me as much as your continued use of THC. I noted that your attorney did the best that she could to defend you and your responses to her were to make light of the drug usage while you were pregnant.
>
> I note that the State has met its burden today by a preponderance of the evidence and that you have violated the terms and conditions of your probation and find you guilty of violation of probation. I have in mind to give you the twelve months in the Community Correctional Center as a condition of probation so that

SLIP OPINION

you will have the nine months to go into the program there. This will be a condition of 24 month's probation.

The following evidence supports a finding that Ware violated conditions regarding use of controlled substances and payment of fees and fines.

Tammy Hubble of the Craighead County Sheriff's Office testified that Ware had made only one $20 payment toward the original fines and costs of $1231, which had increased to $1361 because of a $10 monthly fee added to unpaid balances. Amanda Marsh, Ware's probation officer, testified that Ware was $220 behind on required monthly supervision fees of $35; she had tested positive for amphetamines, "benzos," and THC in January 2015; in May 2015, she had admitted using THC; she had been positive for opiates in August 2015 and had given birth that month; she had been put on a waiting list for a drug program or counseling, but there were no openings; and she had confessed on the day of the hearing to using THC. Ware testified that no one had talked to her about counseling, she had been pregnant with her sixth child when she used THC, and her positive opiate test was a result of a postpartum prescription given to her. She did not produce evidence of the prescription at the hearing.

We note that the State need show that the defendant committed only one violation in order to sustain a revocation. *Lewis v. State*, *supra*. Ware argues on appeal that her failure to comply with conditions of her probation was not inexcusable, pointing in relevant part to her testimony that she was not offered rehabilitative services and to her probation officer's testimony that she was awaiting services. Ware cites no authority that the State was required to offer a drug program or counseling. We cannot say that the circuit court clearly erred in

finding by a preponderance of the evidence that she inexcusably violated conditions of her probation by using illicit drugs.

Affirmed.

GLADWIN, C.J., and KINARD, J., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.