Cite as 2020 Ark. App. 48

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-495

| | |
|---|---|
| NIKKI LEANN KNAULS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 29, 2020<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-18-725]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Nikki Leann Knauls appeals from a Sebastian County jury's verdict convicting her of possession of methamphetamine and possession of drug paraphernalia. She was sentenced to an aggregate term of twelve years' imprisonment with four of those years suspended. Knauls argues that the trial court erred in denying her directed-verdict motion. We affirm her convictions.

### I. *Trial Testimony*

The following is a summary of the trial testimony. On June 5, 2018, Detective Bill Hardin with the Fort Smith Police Department went to 3316 North 54th Street to serve an arrest warrant on John Bonds, Jr. When he knocked on the door, a woman said that she was not dressed. While waiting for Knauls to come to the door, Hardin heard voices and movement inside the residence. When the door was finally opened, Hardin told her why

he was there, and Knauls simply made a motion indicating that Bonds was in a bedroom at the back of the house. Hardin found Bonds hiding in the bedroom, arrested him, and took him away. Hardin decided to seek a search warrant for Knauls's residence.

Sergeant Richard Wright with the Fort Smith Police Department conducted surveillance on Knauls's residence until a search warrant could be obtained. Around 3:00 p.m. he observed a black woman and a white man leave the residence. The woman, later identified as Knauls, drove away from the residence, and the man, later identified as Frederick Johnson, went back inside the residence.

Within ten or fifteen minutes after Knauls had left the residence, police officers returned with the search warrant. Inside a water–heater closet, officers found a small plastic baggie containing what was later determined to be 1.7361 grams of methamphetamine and a glass pipe for smoking methamphetamine. They found a set of digital scales on a table in the living room. They also found an empty baggie containing residue on a kitchen table near some mail addressed to Knauls at her North 54th Street residence and another empty baggie in the master bedroom.

Lieutenant Wayne Barnett with the Fort Smith Police Department testified that he interviewed Knauls at the police station. After Barnett had read her *Miranda* rights, Knauls said that she had been using methamphetamine since she was fourteen years old. She further stated that the last time she had smoked methamphetamine was around noon that same day. When asked about the items found in her home, Knauls denied knowing anything about them and denied that they belonged to her.

At the close of the State's case, Knauls moved for a directed verdict, but the trial court denied the motion. Donna Ann Bell, a convicted felon, testified for the defense. She said that she had known Knauls for over twenty years and that they are neighbors. According to Bell, she heard Bonds fighting with Knauls the night before the search, and she saw Bonds the following morning walking toward Knauls's residence with drugs. Bell admitted that she was disclosing this information for the first time at trial.

Defense counsel renewed his motion for a directed verdict, and it was again denied. The jury convicted Knauls of possession of methamphetamine and possession of drug paraphernalia.

## II.  *Discussion*

Any person who possesses methamphetamine with an aggregate weight, including any adulterant or diluent, of less than two grams is guilty of a Class D felony. Ark. Code Ann. § 5-64-419(b)(1)(A) (Repl. 2016). A person who uses or possesses with the purpose to use drug paraphernalia to store, contain, or conceal a controlled substance is guilty of a Class D felony. Ark. Code Ann. § 5-64-443(c) (Supp. 2019).

Knauls argues that the trial court erred in denying her motion for a directed verdict. An appeal from the denial of a motion for a directed verdict is a challenge to the sufficiency of the evidence. *Cook v. State*, 2010 Ark. App. 726, 379 S.W.3d 618. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict was supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to

support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* We view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.*

When possession of contraband is an element of the offense, the State is not required to prove literal physical possession. *Block v. State*, 2015 Ark. App. 83, 455 S.W.3d 336. Constructive possession is sufficient. *Bailey v. State*, 307 Ark. 448, 821 S.W.2d 28 (1991). To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Block, supra.* We look to whether the contraband was located in a place that was under the dominion and control of the accused. *Bailey, supra.* Constructive possession may be implied when the contraband is in the joint control of the defendant and another person. *Id.* Joint occupancy alone, however, is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Franklin v. State*, 60 Ark. App. 198, 962 S.W.2d 370 (1998). The defendant's control over and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the

4

contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Bailey*, *supra*.

Knauls argues that the only evidence against her was that she owns the residence where the contraband was found, but she points out that her young daughter lived there as well; Johnson was present; and the jury may have believed that Bonds lived there. She asserts that she was not even at the residence when the search warrant was executed. Knauls argues that it cannot be said with certainty that the contraband belonged to her as opposed to anyone else seen at the residence that day. She focuses on Bonds, who she says had significant access to the residence, had been seen walking toward her home with methamphetamine in his possession the morning of the search, and was arrested near an empty baggie in the bedroom.[1] Knauls points out that most of the drug paraphernalia was found in common areas and could have belonged to anyone at her residence and that the methamphetamine and glass pipe were hidden in a closet that was not secured. Knauls further contends that, although she told police that she had smoked methamphetamine earlier that day, the officers testified that she showed no indication that she was under the influence of drugs during the interrogation or while she was under surveillance. Finally, Knauls argues that there is no evidence to indicate that she used any of the methamphetamine found at her residence.

---

[1]Knauls also argues that Bonds admitted after his arrest that he had hidden drugs in her residence. This information, however, was brought out by defense counsel in his opening statement and closing argument, but no such evidence was presented at trial. The jury was instructed that opening statements and closing arguments by the attorneys are not evidence and that statements made with no basis in the evidence must be disregarded. Jurors are presumed to comprehend and follow the court's instructions. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002). Thus, the jury could not have considered defense counsel's assertion that Bonds admitted hiding drugs at Knauls's residence, and we likewise do not consider it.

We view the evidence in the light most favorable to the State: Knauls owns the residence where the methamphetamine and drug paraphernalia were found. The methamphetamine, weighing 1.7361 grams, along with a pipe, was found hidden in a water-heater closet, and the other drug paraphernalia was found in plain view in common areas. Officers found mail addressed to Knauls at the residence beside an empty baggie containing residue. The jury could have believed that Knauls's actions when Hardin knocked on her door were suspicious in that she could have been "buying time" while she hid the contraband. Knauls cannot disclaim possession of the contraband simply because she was not present when the search warrant was executed. *See, e.g.*, *Cary v. State*, 259 Ark. 510, 534 S.W.2d 230 (1975) (holding that there was sufficient evidence that Cary had joint possession of drugs even though he was not present when his apartment was raided).

The officers served the arrest warrant on Bonds the morning of June 5; the officers placed the house under surveillance until they could get a search warrant; Knauls left the residence around 3:00 p.m.; officers arrived with the search warrant approximately fifteen minutes later and found the contraband; and Knauls admitted that she had smoked methamphetamine around noon that day—regardless of whether she appeared to be under the influence of the drug. The timing of the arrest and search warrants indicates that Knauls was indeed smoking methamphetamine at her home. Knauls concedes in her brief on appeal that her admission that she smoked methamphetamine earlier that day shows that she had knowledge that there was contraband in her residence, but she insists that she did not know about the contraband that was hidden. The only device for smoking methamphetamine that was found during the search was the pipe hidden in the water-heater closet. While Knauls

6

claims that there is no evidence that she smoked any methamphetamine from the stash found at her home, the jury was not required to believe that improbable explanation. *See Block, supra* (The Arkansas Supreme Court has also considered the improbability that anyone other than the defendant placed the contraband in the location and the improbable nature of the defendant's explanations.). Further, the jury was not required to believe Bell's testimony suggesting that Bonds had framed Knauls by hiding methamphetamine inside her residence. *Morgan, supra.* Knauls's knowledge of and control over the contraband found in her residence can be inferred from these circumstances. Because there was substantial evidence to support Knauls's convictions for possession of methamphetamine and possession of drug paraphernalia, we affirm.

Affirmed.

SWITZER and BROWN, JJ., agree.

*King Law Group PLLC*, by: *Natalie S. King*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.