Cite as 2021 Ark. App. 25

# ARKANSAS COURT OF APPEALS

DIVISION IV

No.   CR-20-256

| | |
|---|---|
| | **Opinion Delivered:**  January 20, 2021 |
| ROBIN MILLER RICHARD | |
| | APPEAL FROM THE LONOKE |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO. 43CR-18-549] |
| V. | |
| | HONORABLE BARBARA ELMORE, |
| STATE OF ARKANSAS | JUDGE |
| | |
| APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Robin Richard was convicted by the Lonoke County Circuit Court of possession of a controlled substance (methamphetamine) and possession of drug paraphernalia.[1] She was sentenced to six months in the Arkansas Department of Community Correction for each offense, with the sentences to run concurrently.  On appeal, Ms. Richard argues the evidence was insufficient to support her convictions.  We affirm.

At a bench trial, Ms. Richard moved to dismiss the charges arguing that the evidence was insufficient to prove she possessed the methamphetamine and the drug paraphernalia. The circuit court denied Ms. Richard's motion and found her guilty of possession of methamphetamine and drug paraphernalia.

An appeal from the denial of a motion to dismiss at a bench trial is a challenge to the sufficiency of the evidence.  *Baltimore v. State*, 2017 Ark. App. 622, 535 S.W.3d 286.  In

---

[1]Ms. Richard was also charged with domestic battery in the third degree, but the circuit court dismissed that charge.

reviewing challenges to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, either direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* In making this determination, the evidence is viewed in the light most favorable to the verdict, with only evidence supporting the verdict being considered. *Id.* This court does not weigh the evidence presented at trial nor does it assess the credibility of the witnesses as those are matters for the trier of fact, who is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Nelson v. State*, 2018 Ark. App. 454, 558 S.W.3d 894.

A person who possesses less than two grams of methamphetamine, including an adulterant or diluent, is guilty of a Class D felony. Ark. Code Ann. § 5-64-419(b)(1)(A) (Repl. 2016). A person who possesses drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance is guilty of a Class D felony if the controlled substance is methamphetamine. Ark. Code Ann. § 5-64-443(a)(2) (Supp. 2019).

When possession of contraband is an element of the offense, the State is not required to prove literal physical possession—constructive possession is sufficient. *Knauls v. State*, 2020 Ark. App. 48, 593 S.W.3d 58. Constructive possession is established by proving the defendant exercised care, control, and management over the contraband. *Id.* Constructive possession may be implied when the contraband is in the joint control of the defendant and another person. *Id.* Joint occupancy alone, however, is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the

2

contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Id.* A defendant's control over, and knowledge of, the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.*

On September 16, 2018, Lonoke police officers responded to a disturbance call at Ms. Richard's house. On arrival, both Ms. Richard and her daughter, Madison Miller, were found in the front yard of the home and were arrested for third-degree domestic battery and taken into custody. At the police department, Ms. Miller was given a personal recognizance bond and released. Ms. Richard, having previously been convicted of domestic battery in 2017, was being held until her first appearance when she would be given a bond. Officer Johnathan Love testified that when Ms. Richard learned she would not be released, she requested that officers retrieve her medication from her house, explaining it would be in a black bag in her bedroom on her bed. Officer Robert Grady testified that after Ms. Miller was released, he escorted her back to the residence to collect her belongings and her car and that Ms. Richard's father, Bill Miller, also went to the residence. Officer Grady watched Ms. Miller enter a bedroom, retrieve some belongings, and leave without entering any other rooms. While at the residence, Officer Grady received a phone call asking him to retrieve medication belonging to Ms. Richard that could be found in a black bag in her bedroom. He relayed the information to Mr. Miller and witnessed Mr. Miller enter a separate bedroom from the bedroom Ms. Miller had entered and return with a black

3

bag. Officer Grady further testified that he transported the bag to the police station and gave it to the dispatcher.

Amanda Archer testified that she was a dispatcher for the Lonoke Police Department when Ms. Richard was brought in. She described Ms. Richard's behavior as irate and very upset and that she was hollering that she wanted her medicine. She testified that Officer Grady brought her a black bag, and as standard procedure, she began inventorying the bag. She testified that when Ms. Richard saw the bag, she said, "Give it to me. I need my medicine right now." Ms. Archer found a paper towel with a glass pipe wrapped in it and immediately contacted an officer. She also found multiple bottles of prescription medication in the bag, all bearing Ms. Richard's name. Officer Love testified that he collected the bag as evidence and confronted Ms. Richard with the pipe and methamphetamine, to which she stated it was not hers and that it was Ms. Miller's.

Both officers testified that they did not enter the residence when Ms. Miller and Ms. Richard were arrested and did not secure the residence. Officer Grady testified that there was no indication that anyone else was home and neither party indicated that there was anyone home.

Ms. Richard testified in her defense that she did not have a pipe in her purse and that she does not do drugs. She also testified that her daughter has hoodlum friends coming into and out of the house and disputed that she identified the bag when it came into the station.

Ms. Richard argues that the State failed to prove constructive possession of the methamphetamine and drug paraphernalia because the items were located in a jointly occupied home. She contends that other people had access to the house and the contraband,

4

that the house was not secured when they were taken into custody, and that officers could not say if any other people were inside the house when they took Ms. Richard and Ms. Miller into custody as they did not enter the house.

In a bench trial, the circuit court is the sole judge of credibility of the witnesses and may disbelieve any or all of the testimony presented by the defendant. *Holmes v. State*, 2019 Ark. App. 384, 586 S.W.3d 183. The evidence presented was circumstantial evidence that Ms. Richard had constructive possession over the contraband found in her home, but circumstantial evidence may be sufficient evidence to support a conviction if it excludes every other reasonable hypothesis than that of the guilt of the accused. *See Cordero v. State*, 2019 Ark. App. 484, 588 S.W.3d 369. Ms. Richard's behavior was described as irate and very upset when asking for her medication. She described the bag containing her medication and exactly where it would be located. Multiple bottles of prescription medication with Ms. Richard's name on it were contained inside the bag with the contraband. Once discovered, Ms. Richard denied ownership and stated that it belonged to her daughter. These facts show that Ms. Richard exercised care, control, and management over the contraband and that she knew the matter possessed was contraband. This is sufficient evidence to establish that Ms. Richard constructively possessed the contraband found in her jointly occupied house.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.