Cite as 2021 Ark. App. 54

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-20-361

| | |
|---|---|
| | **Opinion Delivered** February 10, 2021 |
| DAVID BURGESS | |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | [NOS. 16JCR-14-118, 16JCR-16-386, and 16JCR-16-971] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE KEITH CHRESTMAN, JUDGE |
| | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART; REMANDED IN PART |

## BRANDON J. HARRISON, Chief Judge

The Craighead County Circuit Court revoked David Burgess's suspended imposition of sentence (SIS) in three separate underlying cases, and he has appealed that decision. He argues that the circuit court erred in finding that he willfully failed to pay fines and costs or that he failed to live a law-abiding life. We affirm his revocation in two cases, reverse and dismiss one revocation, and remand for resentencing.

On 30 January 2014, the State charged Burgess with possession of a controlled substance with intent to deliver and possession of drug paraphernalia to manufacture a controlled substance (16JCR-14-118). On 14 July 2014, Burgess pled guilty to both charges and received sentences of five years' probation and six years' SIS, respectively, to run concurrently.

On 28 September 2015, the State petitioned to revoke Burgess's probation and SIS alleging that he had failed to live a law-abiding life, had failed to pay fines and/or court costs as directed, had possessed illegal drugs, and had been charged with possession of a controlled substance with purpose to deliver. On 25 April 2016, the State filed a second revocation petition, alleging new charges of simultaneous possession of drugs and firearms, felon in possession of a firearm, possession of a controlled substance with purpose to deliver, and possession of drug paraphernalia to manufacture a controlled substance (16JCR-16-386).

On 6 October 2016, the State again amended the revocation petition to include the allegation that in July 2016 Burgess had pled guilty in Jonesboro District Court to driving while intoxicated and hazardous driving. On 14 October 2016, the State filed yet another amended revocation petition to include the following new charges: offenses relating to records, maintaining premises, etc., within 1000 feet of a certified drug-free zone; possession of a controlled substance with intent to deliver; and possession of drug paraphernalia to manufacture a controlled substance (16JCR-16-971).

Burgess pled guilty in 16JCR-16-386 to felon in possession of a firearm and possession of a controlled substance with purpose to deliver, and he was sentenced to two days' imprisonment in the county jail and five years' SIS on each charge. In 16JCR-16-971, Burgess pled guilty to possession of a controlled substance with intent to deliver and possession of drug paraphernalia to manufacture a controlled substance, and he was sentenced to one hundred months' imprisonment with five years' SIS and ten days'

2

imprisonment in the county jail with five years' SIS, respectively.

On 24 May 2019, the State moved to revoke Burgess's SIS in 16JCR-14-118, 16JCR-16-386, and 16JCR-16-971. That petition alleged that Burgess had failed to live a law-abiding life, had failed to pay fines and/or court costs as directed, had possessed illegal drugs, and had committed the crimes of simultaneous possession of drugs and firearms, felon in possession of a firearm, possession of a controlled substance with purpose to deliver, and possession of drug paraphernalia to manufacture a controlled substance.

The circuit court convened a hearing on 20 February 2020. Bryan Bailey, an investigator with the Jonesboro Police Department, recalled that on 29 March 2019, the police received an anonymous tip that Burgess was living with his mother and "housing marijuana." Bailey and another officer, Chris Jefferson, observed Burgess leaving the identified apartment and approached him. Jefferson stayed with Burgess while Bailey went to the door of the apartment to verify that it was Burgess's mother's residence and that he lived there. Bailey stated that as he approached the door, there was a strong odor of marijuana coming from inside. He knocked multiple times without receiving a response; Jefferson then tossed Burgess's keys to Bailey, and he began to unlock the door. Burgess's mother met Bailey at the door, and she told him that Burgess was not living there but sometimes came over. The officers conducted a preliminary sweep to secure the residence while they obtained a search warrant. Bailey observed men's clothes and shoes in a closet as well as multiple jars of suspected marijuana. Jefferson found a piece of mail with Burgess's

3

name on it.  At that time, the officers decided they had a basis to conduct a search based on Burgess's status as a parolee instead of obtaining a search warrant.  Bailey then seized the mason jars filled with suspected marijuana.  He also found individual bags of suspected marijuana inside a plastic tub and inside a shoe box at the bottom of the closet.  In addition, Bailey found $9100 in cash, a box of sandwich bags, and a digital scale.

Investigator Chris Jefferson testified and confirmed Bailey's account of their encounter with Burgess.  Jefferson also stated that in his search of the apartment, specifically in his search of a coat closet, he found a loaded 9-millimeter pistol and ammunition.  Burgess's mother told police she did not own a firearm.  Jefferson also explained that in a recorded conversation from the jail, Burgess had told his mother that he obtained the gun "from a white guy" and that it was "clean."  In two other recorded conversations with an unidentified female, Burgess discussed the money, including $5000 located in a jacket pocket that the police had missed, and the amount of marijuana that had been seized.

Quinton Bryant, a forensic chemist at the Arkansas State Crime Laboratory, confirmed that the substance in the jars and the bags was marijuana.  Bryant testified that the weight of the marijuana was approximately three pounds.

Becky Mahan, the fine and fee collector at the Craighead County Sheriff's Department, testified that Burgess had overdue balances of $265 in 16JCR-14-118 and $295 in 16JCR-16-386.  She stated that the $295 balance in 16JCR-16-971 had been paid in full.  She also acknowledged that Burgess was obligated to start making payments sixty days

after his release, but she did not know the exact date he was supposed to start payments in those cases.

Evelyn Burgess, Burgess's mother, testified that on 29 March 2019, a man named Anthony Jones had been living with her. She said the clothes and shoes found by police belonged to Jones. She denied her son ever stayed the night at her apartment. Evelyn also denied any knowledge of the "stuff" found in the closet but said only Jones and her son had access to the closet. She said that she did not know about the firearm at the time but that she later found out it had been purchased by her daughter, Nancy.

Nancy Burgess testified that on 29 March 2019, her brother had been living with his girlfriend, not their mother. Nancy said her mother's boyfriend had been living with her mother. Nancy also stated that she had met one of Burgess's friends at her mother's apartment and purchased the gun found in the closet. She said that it should not have been loaded. Mykala Jeffrey, Burgess's girlfriend, testified that Burgess had lived with her from the time he had been released from prison in October 2018 until 29 March 2019 when he was arrested.

From the bench, the circuit court found that the State had introduced evidence of Burgess's failure to pay fines and costs in two of the underlying cases and his successful payment of fines and costs in one case. The court noted that once the State has offered evidence of nonpayment, the burden then shifts to the defendant to justify a failure to pay, but Burgess presented no evidence on his failure to pay. Thus, the court found that Burgess's

failure to pay those fines was a violation of the terms of his probation.

As to Burgess's failure to live a law-abiding life and not violate and federal, state, or local laws, the circuit court found that the State's evidence, and specifically the telephone calls that demonstrated Burgess's knowledge of the money as well as the weight and location of the marijuana that was found, established Burgess's constructive possession of the contraband. The court also found Nancy Burgess's testimony not credible and that Burgess constructively possessed the firearm as well. The court concluded that Burgess had failed to live a law-abiding life and had possessed illegal drugs. The court sentenced Burgess to an aggregate term of thirty years' imprisonment and ten years' SIS. He has now appealed his convictions.

To revoke probation or an SIS, the burden is on the State to prove the violation of a condition of the probation or SIS by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id*. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. *Id*. Thus, the burden on the State is not as great in a revocation hearing. *Id*. Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Id*. Finally, only one violation is required to sustain a revocation. *Springs v. State*, 2017 Ark. App. 364, 525

6

S.W.3d 490.

## I. *Failure to Live a Law-Abiding Life*

Burgess argues that the circuit court erred in finding that he failed to live a law-abiding life because the State failed to prove his constructive possession of the contraband and the firearm found inside his mother's apartment. Constructive possession is established by proving the defendant exercised care, control, and management over the contraband. *Knauls v. State*, 2020 Ark. App. 48, 593 S.W.3d 58. Constructive possession may be implied when the contraband is in the joint control of the defendant and another person. *Id.* Joint occupancy alone, however, is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband; and (2) the accused knew the matter possessed was contraband. *Id.* A defendant's control over, and knowledge of, the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.*

Burgess asserts that, at best, the evidence showed that he knew about the contraband and the firearm, but there was no proof that he exercised care, control, or management over the contraband. The contraband was found at his mother's home, and his knowledge of it being at his mother's home does not amount to exercising dominion and control over the

7

contraband.

The State counters that Burgess's presence and access to the apartment, along with his recorded admissions, showed that he constructively possessed the contraband and supports revocation on that issue. The State cites the following evidence: Burgess had a key to the apartment, the apartment reeked of marijuana, his mail was found inside the apartment, men's clothing was found in close proximity to the contraband, and recordings proved that Burgess bought the firearm, knew what amount of marijuana was found, and knew how much money had been seized (and that $5000 had not been seized).

While there was testimony presented to contradict some of this evidence, we defer to the circuit court's superior position on questions of credibility and weight of the testimony. *Jones*, *supra*. Given the evidence presented and our standard of review, we hold that the evidence was sufficient to establish constructive possession by a preponderance of the evidence and affirm the revocation. Because only one violation is required to sustain a revocation, we need not discuss the revocation based on Burgess's failure to pay fines and costs. *See Springs*, *supra*.

## II. *Illegal Sentence*

Although not raised by the parties, there is an illegal-sentence issue in this case that must be addressed. An appellate court may raise an issue of an illegal sentence sua sponte, and it is obligated to correct an apparent illegal sentence on review on appeal. *Smith v. Kelley*, 2016 Ark. 307.

As noted above, Burgess pled guilty in 16JCR-16-386 to felon in possession of a firearm and possession of a controlled substance with purpose to deliver, which are B and C felonies, respectively. He was also sentenced as a habitual offender with four or more priors. Thus, the statutory range for a B felony is five to forty years, and the range for a C felony is three to thirty years. However, Burgess was given a sentence of two days in county jail plus five years' SIS for each conviction, which is clearly outside the statutory range; thus, his sentence is illegal. This court has held that a revocation based on an underlying illegal sentence is improper and should be dismissed. *Dodds v. State*, 2018 Ark. App. 86, 543 S.W.3d 513. We therefore reverse and dismiss the revocation in 16JCR-16-386, and we remand to the circuit court to enter a sentence for the convictions within the required statutory range.

In conclusion, we affirm the revocations in 16JCR-14-118 and 16JCR-16-971, reverse and dismiss the revocation in 16JCR-16-386, and remand to the circuit court for resentencing.

Affirmed in part; reversed and dismissed in part; remanded in part.

KLAPPENBACH and BARRETT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.