Cite as 2022 Ark. App. 87

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-21-337

| | | |
|---|---|---|
| STEPHEN DUVALL | | Opinion Delivered February 23, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 30CR-15-158] |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE CHRIS E WILLIAMS, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

### RITA W. GRUBER, Judge

Appellant Stephen Duvall brings this appeal from the revocation of his probation, challenging the sufficiency of the evidence. We affirm.

On November 8, 2016, Duvall pled guilty in the Hot Spring County Circuit Court to second-degree sexual assault, a Class B felony, and was sentenced to twelve years' probation. On May 20, 2020, the State filed a petition to revoke Duvall's probation alleging he had violated the conditions of his probation. Specifically, the State alleged that Duvall (1) associated with another offender, (2) possessed prohibited weapons, (3) failed to charge his GPS as directed, (4) failed to provide proof of completing a mental-health evaluation as directed, (5) reopened a social-media account without permission from his supervising officer, (6) was untruthful with his probation officer during a home visit when asked if there

was another person present with him and his children, (7) possessed a sexually stimulating book, (8) had unsupervised contact with his four minor children in his home, (9) had an active social-media account, (10) failed to deactivate his social-media account on November 4, 2019, (11) failed to deactivate his social-media account on November 5, 2019, and (12) failed to show proof of completion of sex-offender counseling as directed by his supervising officer. The State filed an amended petition to revoke on September 16, 2020, alleging Duvall violated his probation when he was found to have an unregistered email address.

A revocation hearing was held on March 21, 2021. Brandon Peachey, Duvall's probation officer, testified that during two required home visits, he witnessed and reported several separate probation violations. During the October 31, 2019 home visit, Peachey discovered a book in Duvall's home titled "Red Hot Touch: Head-to-Toe Handbook for Mind-Blowing Orgasms," three firearms, and that Duvall had an active Facebook account. During Peachey's May 14, 2020 visit, Peachey, along with two other officers, knocked on the door of Duvall's home. Duvall opened and quickly shut the door when he saw the three officers. Peachey said that Duvall returned and opened the door after the officers spent several minutes knocking. Upon entry, the officers found Duvall's four minor children alone with him. Duvall told Peachey that another adult, Denise DeWinter, was in the trailer home next door. Duvall called DeWinter to come over and she answered the phone. However, she never appeared in person during Peachey's visit.

Probation officer Danny Marsh testified that pursuant to the conditions of Duvall's probation, he recommended and referred Duvall to Arthur Chupik to complete a sex-

2

offender assessment and follow any treatment Chupik recommended. Chupik testified that he assessed Duvall in July 2017 and recommended he participate in sex-offender counseling, which Chupik personally oversaw. Chupik testified that Duvall came to one group counseling session, stayed for approximately two minutes, left, and informed Chupik he would not continue participating. Marsh testified that upon learning this, he referred Duvall to Ouachita Behavioral Health to complete his counseling, but Duvall never provided proof of participation in counseling there or at any other facility.

Duvall testified at the hearing and admitted that he had unsupervised contact with his minor children on the day of Peachey's May 14, 2020 home visit; he opened a Facebook account for work purposes; and he had not completed any sex-offender counseling as of the time of the hearing. Regarding the sexually explicit book found by Peachey, Duvall claimed it was originally purchased by his ex-wife and that she left it behind when she moved out in 2016.

The circuit court found that Duvall inexcusably failed to comply with the terms of his probation by committing the following willful violations: (1) he was untruthful to officers during a home visit; (2) he violated the special condition of no unsupervised contact with minors; (3) he violated the special condition of having an active Facebook account; (4) he violated the special condition of possessing pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic, or electronic media; and (5) he violated the special condition of failing to attend sex-offender counseling. Duvall was sentenced to fifteen years'

3

imprisonment. The sentencing order was filed on March 30, 2021. Duvall filed a timely notice of appeal on April 21, 2021.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2021), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction may be sufficient for a revocation. *Vangilder v. State*, 2018 Ark. App. 385, at 3, 555 S.W.3d 413, 415. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, at 3, 489 S.W.3d 179, 181.

On appeal, Duvall challenges the sufficiency of the evidence to support the revocation. Specifically, in his opening brief, he argues that there was insufficient evidence to support the following four violations: (1) that he was untruthful to officers during a home visit; (2) that he violated the special condition of no unsupervised contact with minors; (3) that he violated the special condition by having a Facebook account; and (4) that he violated the special condition by possessing pornographic, sexually oriented, or sexually stimulating visual, auditory, telephonic, or electronic media. However, as argued by the State, the circuit court revoked his probation on five grounds.

4

The State need only prove one violation of probation to sustain a revocation. *Lewis v. State*, 2016 Ark. App. 101, 484 S.W.3d 277. When the circuit court bases its decision on alternate, independent grounds, as it did here, and the appellant challenges only four of the five grounds, we will affirm without addressing the merits of any of them. *See Morgan v. State*, 2020 Ark. App. 212, 599 S.W.3d 665.

We recognize that in his reply brief, Duvall argues that there was also insufficient evidence to support the violation of the special condition regarding sex-offender counseling. An argument cannot be raised for the first time in a reply brief. *Adams v. State*, 2020 Ark. App. 501, 612 S.W.3d 191.

Even if we considered appellant's sufficiency arguments, they lack merit. A term of his probation prohibited Duvall from unsupervised contact with minors. Appellant does not contest having unsupervised contact with his minor children on the day of Peachey's May 14, 2020 home visit. Therefore, the circuit court's finding that Duvall willfully violated the special condition of not having unsupervised contact with minors, despite his alleged justification for doing so, is not clearly against the preponderance of the evidence.

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Richard E. Worsham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.