Cite as 2025 Ark. App. 92

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-24-253

|  |  |  |
|---|---|---|
| KENTRALL WILLIAMS | | **Opinion Delivered** February 12, 2025 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR-19-317] |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, JUDGE |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Kentrall Williams appeals the revocation of his suspended sentence, challenging the sufficiency of the evidence supporting the revocation. We affirm.

On November 19, 2019, Williams pled guilty to simultaneous possession of drugs and firearms, a Class Y felony, in violation of Arkansas Code Annotated section 5-74-106.[1] He was sentenced to 114 months' incarceration followed by 60 months' suspended imposition of sentence (SIS). By his signature, Williams acknowledged that the SIS was conditioned on his abiding by certain terms and conditions.

On October 23, 2023, the State filed a petition to revoke Williams's SIS alleging that he willfully violated the terms of his suspended sentence by failing to live a law-abiding life by (1)

---

[1](Repl. 2024).

possessing cocaine with purpose to deliver, (2) possessing Schedule IV/V controlled substances with purpose to deliver–clonazepam, and (3) possessing drug paraphernalia–digital scales.

At the January 8, 2024, revocation hearing, Officer Jordan Fowler with the Jonesboro Police Department testified that on September 20, 2023, while working a separate investigation, he saw Williams enter the residence that was under surveillance. Officer Fowler identified Williams and discovered that he had an active warrant. He then "contacted street crimes and then they came and did the rest."

Officer Tanner Huff, assigned to the street-crimes unit, testified that the unit was requested to aid in the apprehension of Williams, a parole absconder. He stated that, after having seen Williams through the window, officers used a key to gain entry to the apartment. When officers called out, Williams and two other people presented themselves. Officer Huff testified that the apartment smelled of marijuana, and he could see a bag of marijuana in plain view. After stepping outside the residence and securing a search warrant, officers re-entered the apartment. In the bedroom that Williams had emerged from, officers found paperwork with his name on it as well as male clothing consistent with Williams's size. Officer Huff stated that a plastic bag containing cocaine was on the TV stand in the bedroom. In the bedroom closet, officers found another bag of cocaine plus a larger bag that contained "a smorgasbord of narcotics in it." Officer Huff testified that the large bag contained two bags of clonazepam pills,[2] two orange pills consistent with alprazolam pills, a blue alprazolam pill, and eight individually bagged crack cocaine rocks.[3]

---

[2]The bags contained a total of thirty-five clonazepam pills.

[3]The crack cocaine rocks had a total weight of 1.78 grams.

Williams moved for a directed verdict, arguing that the State had failed to produce evidence connecting him to either the drugs or the paraphernalia found inside the residence. The circuit court denied the motion.

Following the close of testimony, the circuit court found by a preponderance of the evidence that Williams had constructively possessed the drugs and, thus, had inexcusably violated the terms and conditions of his suspended sentence. Williams's suspended sentence was revoked, and he was sentenced to twenty years' incarceration followed by ten years' SIS. He brings this timely appeal.

A court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of the suspended sentence if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the SIS.[4] The State has the burden of proving that a condition of the SIS was violated.[5] The State need only show that the defendant committed one violation in order to sustain a revocation.[6] We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[7] We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[8]

---

[4]Ark. Code Ann. § 16-93-308(d) (Supp. 2017).

[5]*Baker v. State*, 2016 Ark. App. 468.

[6]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

[7]*Baker*, *supra*.

[8]*Id*.

First, we address the State's argument that the revocation must be affirmed without reaching the arguments asserted by Williams. The State contends that Williams, on appeal, failed to challenge all the grounds relied on by the circuit court to support the revocation. When a revocation is based on multiple grounds, but less than all of the grounds are challenged on appeal, this court will affirm the revocation without addressing any of the grounds.[9] The State urges that Williams's suspended sentence was revoked for his possession of drugs and for possession of drug paraphernalia, yet here, Williams does not challenge the sufficiency of the evidence related to the possession of drug paraphernalia. Therefore, the revocation should be affirmed for failure to address all of the revocation grounds. We disagree. Although the State's revocation petition specified the possession of drugs and drug paraphernalia, the circuit court did not explicitly state that the revocation was based on a finding that Williams possessed drug paraphernalia. In the oral ruling, the circuit court stated, "The Court finds that there were [sic] constructive possession of nearly all of these drugs found at the Melrose residence that night." As a result, we cannot conclude that the circuit court found that Williams violated the terms of his suspended sentence by possessing drug paraphernalia. Consequently, we reach the merits of Williams's appeal.

On appeal, Williams challenges the sufficiency of the evidence to support the revocation. Specifically, he argues that the circuit court erred in revoking his suspended sentence because the State failed to prove that he had constructive or actual possession of the contraband. Williams contends that there was no evidence to suggest that he knew the drugs were present, and he was not the only adult in the house when the drugs were found.

---

[9]*Duvall v. State*, 2022 Ark. App. 87, 640 S.W.3d 442.

4

When possession of contraband is an element of an offense, the State is not required to prove literal physical possession.[10] Constructive possession is sufficient.[11] To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband.[12] Constructive possession may be established by circumstantial evidence and can be inferred where the contraband is found in a place exclusively accessible to the defendant and subject to his control.[13] Further, constructive possession may be inferred when the contraband is in the joint control of the accused and another person.[14] Joint occupancy does not by itself establish joint possession; there must be some additional factor linking the accused to the contraband.[15] For joint occupancy, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband; and (2) the accused knew the matter possessed was contraband.[16] An accused's control over, and knowledge of, the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious

---

[10]*Knauls v. State*, 2020 Ark. App. 48, 593 S.W.3d 58.

[11]*Id.*

[12]*Id.*

[13]*Szczerba v. State*, 2017 Ark. App. 27, 511 S.W.3d 360.

[14]*Richard v. State*, 2021 Ark. App. 25, 615 S.W.3d 759.

[15]*Id.*

[16]*Id.*

behavior.[17]  Location of the contraband in close proximity to the accused has been held to be a sufficient linking factor to support a constructive-possession conviction.[18] Moreover, contraband found in a communal area of a residence is a linking factor establishing constructive possession.[19] Items in a room, such as documents bearing the accused's name, clothing that fits the accused, and the accused's presence in that room are sufficient proof of constructive possession.[20]

Here, at the revocation hearing, officers testified that they saw Williams emerge from the bedroom in which the cocaine and pills were found.  In that bedroom, there was a bag of cocaine in plain sight on the TV stand.  Additionally, in that bedroom, officers found documents with Williams's name on them along with clothing consistent with Williams's size.  These facts are sufficient proof of constructive possession of the drugs found in the jointly occupied bedroom.

Accordingly, we affirm the circuit's court's revocation of Williams's SIS and the resulting sentence.

Affirmed.

TUCKER and WOOD, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[17]*Id.*

[18]*Id.*

[19]*Mudd v. State*, 2018 Ark. App. 628, 565 S.W.3d 154.

[20]*Harjo v. State*, 2017 Ark. App. 337, 522 S.W.3d 839.