

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–884

|  |  |
|---|---|
| MICHAEL ATTEBERRY<br><br>                          **APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                          **APPELLEE** | **Opinion Delivered:** June 22, 2016<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[NO. CR 2011-41A]<br><br><br>HONORABLE WILLIAM M. PEARSON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RAYMOND R. ABRAMSON, Judge**

Michael Atteberry appeals from the revocation of his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) (2015) of the Rules of the Arkansas Supreme Court and Court of Appeals, Atteberry's counsel has filed a motion to withdraw alleging that this appeal is wholly without merit in addition to a brief in which all adverse rulings are abstracted and discussed. Although Atteberry was mailed a copy of his attorney's brief and motion notifying him of his right to present pro se points for reversal, he did not file any pro se points. The State elected to not file a brief with our court. We affirm the revocation and grant counsel's motion to withdraw.

On July 15, 2011, Atteberry pled guilty to possession of a controlled substance-methamphetamine and possession of drug paraphernalia, and the Franklin County Circuit

Court sentenced him to sixty months' probation and ordered him to pay fines, fees, and court costs. The conditions of Atteberry's probation included that he not commit new criminal conduct punishable by imprisonment and that he pay fines, fees, and court costs.

On April 16, 2015, the State filed a petition to revoke Atteberry's probation. The State alleged that he was arrested and charged with manufacturing methamphetamine; that he had marijuana growing in his yard; and that he had failed to make court-ordered payments. The court held a hearing on the petition on July 2, 2015.

At the hearing, Mike Hamilton, a member of the fifth judicial drug-task force, testified that on July 30, 2014, he detained Sharon Moye, Atteberry's wife, along with Kimberly Engleman, Lisa Finn, and James Frames outside a pharmacy because a woman had reported that they appeared to be under the influence of narcotics. He testified that after he had detained them, Frames admitted to him that they were buying pseudoephedrine to cook meth. Accordingly, Hamilton arrested them.

Kimberly Engleman testified that Hamilton arrested her on July 30, 2014, after she bought Sudafed from a pharmacy. She stated that following her arrest, she reported to officers that Atteberry had told her that he needed the pseudoephedrine and that he gave her the money to buy the drug from a pharmacy. She explained that Atteberry wanted the pseudoephedrine to make methamphetamine and that she hoped to get a half gram of methamphetamine in consideration for buying the Sudafed. She testified that she spoke with Atteberry the day of the hearing and that he had told her not to testify.

Finn testified that Atteberry had asked her to buy Sudafed to make methamphetamine and had said that he would give her a half gram of methamphetamine in

return. She explained that she went to the pharmacy along with Engleman, Frames, and Moye. She stated that the pharmacy sold the Sudafed to Engleman and Frames; however, it refused to sell her the drug. She noted that the State promised not to prosecute her if she testified honestly at the hearing. Finn further testified that Atteberry and Moye came to her house the night before the hearing and told her she did not have to testify.

Following Finn's testimony, the State rested. Atteberry then testified on his own behalf. He denied asking Engleman or Finn to buy pseudoephedrine and denied making methamphetamine. He further denied knowing how to make methamphetamine. He also denied going to Finn's house the night before the hearing. He further testified that Engleman cursed at him immediately prior to the hearing and, in response, he told her she needed to go home.

The court then found that the State had proved by a preponderance of the evidence that Atteberry had violated a condition of his probation by manufacturing methamphetamine. The court "credit[ed] the testimony of the State's witnesses." The court then sentenced Atteberry to 120 months in the Arkansas Department of Correction. Atteberry filed a timely notice of appeal from the revocation.

In order to revoke suspension or probation, the circuit court must find by a preponderance of the evidence that the defendant inexcusably violated a condition of the suspension or probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). The State need show only one violation of probation, and the circuit court's decision to revoke will not be reversed unless it is clearly against the preponderance of the evidence. *Phillips v. State*, 101

Ark. App. 190, 272 S.W.3d 123 (2008). We defer to the credibility determinations made by the circuit court. *Peel v. State*, 2015 Ark. App. 226.

In this case, we agree with Atteberry's counsel that there is no possible merit in an argument that the circuit court's decision to revoke was in error. The court revoked Atteberry's probation based on his committing the crime of manufacturing methamphetamine, and while the evidence is insufficient to show that Atteberry committed that offense, the evidence is sufficient to support the offense of attempting to manufacture methamphetamine. It is settled law that, although the evidence may be insufficient in a probation-revocation proceeding to sustain an allegation that appellant committed a specific offense, revocation will be sustained if the evidence establishes a lesser-included offense. *See* Ark. Code Ann. § 5-1-110(b)(2) (Repl. 2013); *Pratt v. State*, 2011 Ark. App. 185 (citing *Willis v. State*, 76 Ark. App. 81, 62 S.W.3d 3 (2001)).

A review of the record shows that there were also two evidentiary rulings that were adverse to Atteberry's defense. However, because Atteberry's objections were made based on the admission of evidence and hearsay, which are well within the circuit court's discretion, we agree with Atteberry's counsel that there is no possible ground for reversal in these adverse evidentiary rulings. *Moore v. State*, 362 Ark. 70, 207 S.W.3d 493 (2005). Other than the underlying sufficiency of the evidence to support the revocation and these evidentiary issues, there were no other rulings adverse to Atteberry.

Accordingly, we hold that there has been compliance with Rule 4-3(k) and that Atteberry's appeal is wholly without merit. Therefore, having considered this matter under

the proper standards required for no-merit appeals, we affirm the sentencing order revoking

Atteberry's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and GRUBER, JJ., agree.

*John C. Burnett*, for appellant.

No response.

SLIP OPINION