Cite as 2022 Ark. App. 104

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-21-442

| | | |
|---|---|---|
| TONYA D. PRICE | | Opinion Delivered March 2, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NOS. 43CR-19-237, 43CR-20-69 & 43CR-20-289] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | | |
| | | AFFIRMED IN PART; REMANDED IN PART |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Tonya Price appeals the Lonoke County Circuit Court's order denying her Rule 37 petition for postconviction relief in three separate cases: Nos. 43CR-19-237, 43CR-20-69, and 43CR-20-289. Price argues that the circuit court clearly erred by summarily denying her petitions without a hearing. Specifically, she contends that a hearing is necessary to challenge her counsel's advice to her to plead guilty, challenge the excessive thirty-year sentence she received as a result of pleading guilty, and determine whether such challenge entitled her to Rule 37 postconviction relief. She also asserts that she was given an illegal sentence in case No. 43CR-19-237 and that the circuit court did not have jurisdiction to revoke her probation in case No. 43CR-20-69. The State concedes, and we agree, that Price

received an illegal sentence in case No. 43CR-20-237. We reverse and remand to correct that illegal sentence, but we affirm on Price's remaining points.

On March 6, 2020, Price pleaded guilty in case No. 43CR-19-237 to possession of methamphetamine or cocaine with intent to deliver, less than two grams, a Class C felony; use or possession of paraphernalia to manufacture methamphetamine, a Class B felony; possession of a controlled substance, methamphetamine or cocaine, a Class B felony; and obstructing governmental operations, a Class C misdemeanor. She was placed on six years' probation. Price pleaded guilty on March 6 in case No. 43CR-20-69 to possession of drug paraphernalia, a Class D felony. While the sentencing order in that case does not reflect a specific probationary sentence, the order noted that she was assigned to probation; that the conditions of probation were attached, which indicated she was placed on probation for a period of six years; and that Price was to give a DNA sample at probation. Her guilty-plea agreement also noted that she accepted the prosecutor's offer of six years' supervised probation upon pleading guilty. On April 9, 2020, Price was arrested on a new charge in case No. 43CR-20-289 for possessing between two and ten grams of methamphetamine, a Class B felony, and she was charged as a large habitual offender, having previously been convicted of four or more felonies.

On May 4, 2020, the State filed a petition to revoke Price's probation in both case Nos. 43CR-19-237 and 43CR-20-69; the petition was amended on October 23 to add further violations. On November 3, Price pleaded guilty to violating the terms of her probation in both probation cases and pleaded guilty to the new charge pursuant to plea agreement signed

2

by Price, her attorney, and the prosecutor, which stated that there was no agreement on punishment and that  Price understood that the court may set punishment up to the maximum amount. A presentencing report was ordered, and sentencing was held on December 7, 2020. The presentence report prepared by the probation department recommended thirty years' imprisonment.  The prosecutor and the defense attorney verbally agreed at the sentencing hearing, although not stated in the signed plea agreement, that the State was recommending five years in the Arkansas Department of Correction with two years suspended and a judicial transfer to the Community Correction Center for drug treatment. However, the circuit court rejected the recommendation of the prosecutor and agreed with the recommendation of the presentence report.  In case No. 43CR-19-237, when Price's probation was revoked for possession of methamphetamine with intent to deliver, less than two grams, a Class C felony, she was sentenced to twenty years' imprisonment. In case No. 43CR-20-69, Price was sentenced to six years' imprisonment for possession of drug paraphernalia. On March 24, 2021, amended sentencing orders were entered in both cases that reduced the sentence in case No. 43CR-19-237 to fifteen years and reduced the sentence in case No. 43CR-20-69 to five years. In case No. 43CR-20-289, charged as a habitual offender for possessing between two and ten grams of methamphetamine, she was sentenced to thirty years' imprisonment.

Price filed separate Rule 37 petitions for each case on March 8, 2021.  In case No. 43CR-19-237, she asserted that she would not have pleaded guilty but for trial counsel's erroneous advice that the State would recommend a sentence of five years in a community

3

correction center, with two years suspended, but the presentence report prepared by the probation department recommended thirty years' imprisonment, and the circuit court followed that recommendation and not the recommendation of the State. Price also alleged she received an illegal twenty-year sentence for the Class C felony possession of a controlled substance with purpose to deliver, less than two grams, because the maximum sentence she could receive was ten years' imprisonment and that the sentence was unconstitutionally excessive because it exceeded sentences of similarly situated defendants. In case No. 43CR-20-69, Price alleged trial counsel was ineffective for failing to move to dismiss the probation revocation for lack of jurisdiction and for failing to advise her of the potential jurisdictional defense available to her. In case No. 43CR-20-289, Price asserts again that she would not have pleaded guilty but for counsel's erroneous advice and that the sentence was unconstitutionally excessive in light of the sentences received by similarly situated defendants.

On April 17, 2021, the circuit court entered an order dismissing Price's Rule 37 petitions without a hearing, finding that Price had been advised she had been charged as a "large" habitual offender in case No. 43CR-20-269, and she could receive a sentence of up to forty years' imprisonment and a fine up to $15,000. The circuit court further found that Price told the court she understood she was pleading guilty for no reason other than she was guilty and that no one had made any promises to her to induce her to plea. The circuit court sentenced Price to the presentence-report recommendation of thirty years' imprisonment because Price was a "large" habitual offender with a Class B felony, she had two revocation

4

probations, and she had not previously been successful in probation, drug court, or the community correction center.

We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Slater v. State*, 2017 Ark. App. 499, 533 S.W.3d 84. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Id.* In making a determination of a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Id.*

Our supreme court set forth our standard for ineffective-assistance-of-counsel claims in *Lee v. State*, 2017 Ark. 337, at 10–11, 532 S.W.3d 43, 53–54:

> [O]ur standard for ineffective-assistance-of-counsel claims is the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Mister v. State*, 2014 Ark. 446. Unless a petitioner makes both showings, the allegations do not meet the benchmark on review for granting relief on a claim of ineffective assistance. *Houghton v. State*, 2015 Ark. 252, 464 S.W.3d 922.
>
> Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55. To satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's performance was deficient by a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Van Winkle* [*v. State*], 2016 Ark. 98, at 6–7, 486 S.W.3d at 784. A petitioner has the burden of overcoming the presumption that counsel is effective by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been

5

the result of reasonable professional judgment. *Henington*, 2012 Ark. 181, 403 S.W.3d 55.

To satisfy the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Van Winkle*, 2016 Ark. 98, at 7, 486 S.W.3d at 785. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in the sentencing. *Id.* An appellant must do more than allege prejudice; he or she must demonstrate it with facts. *Carter v. State*, 2015 Ark. 166, 460 S.W.3d 781.

Price first argues that the circuit court erred in summarily denying her Rule 37 petitions without a hearing, particularly as to her ineffective-assistance and excessive-sentencing claims common to case Nos. 43CR-19-237 and 43CR-20-289. She asserts that a hearing was required to take evidence to evaluate whether counsel deficiently advised Price to plead guilty, whether she was prejudiced by the later recommended and imposed excessive sentence, and whether either circumstance supported Rule 37 relief. She argues that the presentencing-report recommendation adopted by the circuit court was far greater than the expectation on which the plea recommendation was founded, and she had been "deficiently and prejudicially advised to plead guilty." She claims that "simply looking to the plea hearing of November 4, 2020, as the circuit court did, hardly could be conclusive on the claims made about the sentence recommended and delivered thereafter, founded on a PSR submitted on December 4, 2020, days before sentencing."

Where the circuit court concludes, without a hearing, that the petitioner is not entitled to relief, Arkansas Rule of Criminal Procedure 37.3(a) requires the circuit court to make written findings specifying the parts of the record that form the basis for its decision.

*Britt v. State*, 2022 Ark. App. 58, ___ S.W.3d ___. The circuit court made written findings in this case specifying the basis for its decision.

We cannot agree with Price's claim that a hearing was required to determine whether her counsel was ineffective in advising her to plead guilty. Her guilty-plea agreements expressly stated that no promises or agreements had been made regarding punishment, including the length of imprisonment or probation, and that she understood that the court could set punishment up to the maximum authorized. Her guilty-plea agreement in case No. 43CR-20-289 explicitly set forth that the punishment range for a Class B felony possession of methamphetamine or cocaine with purpose to deliver as a large habitual offender was five to forty years and up to a $15,000 fine. The plea agreement stated that if the court did not accept the plea agreement, the guilty plea would be withdrawn. However, absent an agreement on punishment, there were no terms of the agreement that were rejected by the court leaving no cause to withdraw the guilty plea. The circuit court followed the presentencing report's recommendation, noting that Price had already been to community correction and had been on probation. Price's guilty-plea agreements clearly expressed that no promises had been made as to punishment, and she was fully aware that she could be sentenced to up to forty years' imprisonment. We hold that Price's counsel was not ineffective for advising her to plead guilty, and the circuit court's decision to not hold a hearing was not clearly erroneous.

Price next argues that she was improperly sentenced in case No. 43CR-19-237 to more than the maximum of ten years on the Class C felony charge of possession of

7

methamphetamine with intent to deliver. The State concedes error, and we agree she was improperly sentenced in this matter. Price was originally placed on six years' probation in exchange for her guilty plea to this Class C felony. After she pleaded guilty to violating her probation and a presentence report was prepared, she was erroneously sentenced to twenty years' imprisonment, which was ultimately reduced to fifteen years' imprisonment in an amended sentencing order filed on March 24, 2021. Possession of methamphetamine with intent to deliver in an amount of two grams or less is a Class C felony; the maximum sentence for a Class C felony is ten years' imprisonment. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2013) (Class C felony range); § 5-64-420(b)(1) (Supp. 2021) (penalty provision). An illegal sentence may be raised at any time; a sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Ward v. Kelley*, 2016 Ark. 471, 506 S.W.3d 224. The State concedes Price was sentenced to more than the maximum allowed for a Class C felony, and we remand this issue to the circuit court for correction to a sentence of no more than ten years.

Last, Price asserts that the circuit court did not have jurisdiction to revoke probation in case No. 43CR-20-69 because the sentencing order did not reflect a period of time of probation; therefore, when the State sought to revoke her probation in that case, the probationary period of zero months had necessarily expired. Price argues that probation generally may not be revoked after expiration of the probationary period. *See* Ark. Code Ann. § 16-93-308 (Supp. 2021). In support of her argument, Price cites *Ransom v. State*, 2019 Ark. App. 563, 591 S.W.3d 359, for the proposition that the March 2020 sentencing-order

error is jurisdictional and not amenable to a claim of scrivener's error. In *Ransom*, the defendant violated the terms and conditions of his probation, and a March 23, 2015 order sentenced him to thirty days in jail. In 2017, the State sought to revoke his probation on the basis of the 2015 judgment, but that judgment reflected only that Ransom had been sentenced to jail for thirty days. This court reversed the probation revocation, holding that "having looked within the four corners of the March 2015 judgment and having read the plain language within, the circuit court revoked Ransom's probation and sentenced him to jail as punishment for violating his probation's terms. The judgment does not extend probation as punishment for a violation. It could have done so, but it did not." 2019 Ark. App. 563, at 6–7, 591 S.W.3d. at 363.

We hold that the present case is distinguishable from *Ransom*. Here, while the specific length of probation was not included in the order, the four corners of the order itself indicate that Price was assigned to probation; that she was to have a DNA sample drawn at probation; and that the conditions of probation, which indicated Price had been placed on probation for six years, were attached to the order. Unlike *Ransom*, the order is not devoid of any indication that Price had been placed on probation. It would be unnecessary to have terms and conditions of probation if Price had been sentenced to zero months of probation. The circuit court had jurisdiction to revoke Price's probation in this case.

Affirmed in part; remanded in part.

VIRDEN and GRUBER, JJ., agree.

*David R. Raupp*, Public Defender Commission, for appellant.

9

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.