Cite as 2022 Ark. App. 298

# ARKANSAS COURT OF APPEALS
### DIVISION IV
No. CR-21-632

| | | |
|---|---|---|
| CALVIN STANLEY | | Opinion Delivered August 31, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-16-83] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBIN J. CARROLL, JUDGE |
| | APPELLEE | |
| | | AFFIRMED IN PART; REMANDED IN PART |

**RAYMOND R. ABRAMSON, Judge**

Calvin Stanley appeals from the Union County Circuit Court order revoking his suspended sentence and sentencing him to twenty years' imprisonment. On appeal, Stanley argues the circuit court imposed an illegal sentence. The State concedes error. We affirm the revocation, but we remand to correct the illegal sentence.

On June 20, 2017, Stanley pled guilty to driving while intoxicated, sixth offense, a Class B felony. He was sentenced to ten years' imprisonment with an additional five years' suspended sentence.

On May 19, 2021, the State filed an amended petition to revoke Stanley's suspended sentence. The court held a revocation hearing on August 26. At the conclusion of the hearing, the court revoked Stanley's suspended sentence. The court initially sentenced

Stanley "to 12 years in the Department of Corrections." Stanley's counsel informed the court, "I believe he already got sentenced to 10 years on that B felony. I believe only 10 years [are] left. It's a 20 years sentence is maximum [sic] and I believe he's already done 10 on it." After discussions, the court concluded that "the sentence will be 20 years in the Department of Corrections, with whatever time he's credited to." The sentencing order reflects twenty years' imprisonment. Stanley appealed the revocation to this court.

On appeal, Stanley does not challenge the revocation of his probation. He argues only that his sentence of twenty years' imprisonment is illegal. He asserts that on revocation, the circuit court could sentence him to only ten years' imprisonment because the court had already sentenced him to ten years' imprisonment when he pled guilty to the Class B felony. The State concedes that the circuit court erred.

A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Price v. State*, 2022 Ark. App. 104, 641 S.W.3d 76. If a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2021). However, any sentence to pay a fine or of imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or if applicable, § 5-4-501. Ark. Code Ann. § 16-93-308(g)(1)(B). Pursuant to Arkansas Code Annotated section 5-4-401(a)(3) (Repl. 2013), the sentence shall not be less than five years nor more than twenty years for a Class B felony.

2

Accordingly, the parties are correct that Stanley could not be sentenced to more than ten years' imprisonment on the revocation of his suspended sentence because he had already been sentenced to ten years' imprisonment for the same Class B felony offense. We therefore affirm Stanley's revocation but remand the sentencing issue to the circuit court for correction to a sentence of no more than ten years. *See Price*, 2022 Ark. App. 104, 641 S.W.3d 76.

Affirmed in part; remanded in part.

GLADWIN and VAUGHT, JJ., agree.

*Andrew W. Best*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.