Cite as 2024 Ark. App. 538

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-57

| | | |
|---|---|---|
| MICHAEL MCKEE | | Opinion Delivered November 6, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD |
| | | COUNTY CIRCUIT COURT, |
| V. | | WESTERN DISTRICT |
| | | [NO. 16JCR-19-235] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED; REMANDED FOR RESENTENCING |

**RAYMOND R. ABRAMSON, Judge**

Michael McKee appeals the Craighead County Circuit Court's revocation of his probation. On appeal, he argues that the circuit court erred by finding that he violated a condition of his probation and by denying his request for a continuance. We affirm the revocation, but we remand for resentencing.

On January 10, 2023, McKee pled guilty to possession of hydrocodone, and he was sentenced to thirty days in jail and five years' probation. On April 13, the State petitioned to revoke McKee's probation, alleging that on March 13, he committed the new offenses of possession of methamphetamine with the purpose to deliver, possession of marijuana with the purpose to deliver, and possession of drug paraphernalia.

The court held a hearing on July 12. At the beginning of the hearing, McKee's counsel moved to continue so that "a couple of witnesses" could testify for McKee. His attorney explained that McKee had been in a rehabilitation program and that they did not talk while he was in the program. The State objected, arguing that McKee's request was untimely and that it was ready to proceed. The court denied McKee's request.

Agent Chris Jefferson then testified that on March 13, he saw McKee at a hotel known for illegal activity and that he followed McKee from the hotel to 123 Crestfield Drive. He noted that McKee lived at that residence with his grandmother, and he stated that he saw McKee enter and exit the residence several times. He explained that officers then tried to speak with McKee, but McKee fled into the house.

Agent Jefferson testified that he later searched the house and found McKee inside a bathroom sitting on the toilet. He testified that he searched McKee's "immediate area" and that under the jacuzzi, he found black bags containing fourteen grams of methamphetamine, several cellophane bags, a digital scale with methamphetamine residue, and several tetrahydrocannabinol (THC) cartridges for vape pens. He further testified that McKee's grandmother showed him McKee's bedroom, and he found a methamphetamine pipe and bowl in the bedroom. He noted that McKee's girlfriend was present during the search and that she shared his bedroom on occasions, but McKee claimed ownership of the methamphetamine pipe and bowl.

At the conclusion of the hearing, the court found that McKee had violated his probation. The court sentenced him to six years' imprisonment. McKee appealed the revocation.

McKee first argues that the circuit court erred by finding that he violated a condition of his probation by committing new offenses because the State presented insufficient evidence that he constructively possessed the contraband. He points out that two other people were in the house and had access to the contraband.

A circuit court may revoke a defendant's probation if it finds by a preponderance of the evidence that the defendant has violated a condition of the probation. *Atteberry v. State*, 2016 Ark. App. 331. The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions. *Lewis v. State*, 2015 Ark. App. 222. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation of probation. *Richard v. State*, 2018 Ark. App. 362, 553 S.W.3d 783. On appeal, the circuit court's decision will not be reversed unless it is clearly against the preponderance of the evidence. *Mosley v. State*, 2016 Ark. App. 353, 499 S.W.3d 226.

When possession of contraband is an element of the offense, the State is not required to prove literal physical possession. *Block v. State*, 2015 Ark. App. 83, 455 S.W.3d 336. Constructive possession is sufficient. *Bailey v. State*, 307 Ark. 448, 821 S.W.2d 28 (1991). To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Knauls v. State*, 2020 Ark. App. 48, 593

3

S.W.3d 58. We look to whether the contraband was located in a place that was under the dominion and control of the accused. *Id.*

Constructive possession may be inferred when the contraband is in the joint control of the defendant and another person. *Id.* Joint occupancy alone, however, is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Franklin v. State*, 60 Ark. App. 198, 962 S.W.2d 370 (1998). The defendant's control over and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Knauls*, 2020 Ark. App. 48, 593 S.W.3d 58.

Here, even though McKee jointly occupied the house with his grandmother and his girlfriend, McKee claimed ownership of the methamphetamine pipe and bowl. Further, Agent Jefferson located the methamphetamine, the scale, the bags and the cartridges inside the bathroom in McKee's immediate area after McKee fled from officers. This is sufficient evidence linking McKee to the contraband. We thus conclude that the circuit court did not clearly err in finding that McKee violated his probation by committing the new drug offenses.

McKee additionally argues that the circuit court erred by denying his request to continue the revocation hearing to secure witnesses. He points out that he had been in a

rehabilitation program for four weeks preceding the hearing and was unable to contact his attorney about the witnesses.

The decision to deny a continuance is within the sound discretion of the circuit court and will not be disturbed absent a clear abuse of that discretion. *Hendrix v. State*, 2019 Ark. 351, 588 S.W.3d 17. An appellant must establish that the circuit court abused its discretion and show that the decision resulted in prejudice amounting to a denial of justice. *Id.* Prejudice is not presumed in this context. *Id.*

A continuance should be granted only upon a showing of good cause. Ark. R. Crim. P. 27.3. In considering a motion for continuance, the court should consider not only the request or consent of the prosecuting attorney or defense counsel but also the public interest in prompt disposition of the case. Ark. R. Crim. P. 27.3; *Hendrix*, 2019 Ark. 351, 588 S.W.3d 17. The court should also consider (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the movant believes them to be true. *Hendrix*, 2019 Ark. 351, 588 S.W.3d 17. A lack of diligence alone is a sufficient basis to deny a motion for continuance. *Id.*

In this case, we hold that the circuit court did not abuse its discretion by denying McKee's request for a continuance. McKee waited until the day of the hearing to move for a continuance, and he did not offer the probable effect of the witnesses' testimony. Given

these circumstances, we find no abuse of discretion. We therefore affirm the revocation of McKee's probation.

However, in reviewing the sentencing order, we take notice sua sponte that the sentence imposed on McKee is illegal on its face. Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Lenard v. State*, 2014 Ark. 478, 522 S.W.3d 118. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Stanley v. State*, 2022 Ark. App. 298.

When a court revokes a defendant's probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023). However, the imposition of this sentence upon revocation must account for any period of imprisonment imposed on the defendant for the same offense to ensure that the total sentence of incarceration is equal to or less than the statutory maximum. Ark. Code Ann. § 16-93-308(g)(1)(B); *Stevens v. State*, 2024 Ark. App. 96.

Here, McKee was originally sentenced for possession of less than two grams of hydrocodone, a Class D felony, and a Class D felony is punishable by a sentence that does not exceed six years' imprisonment. Ark. Code Ann. § 5-64-419(b)(2)(A); Ark. Code Ann. § 5-4-401(4). Thus, upon revocation, McKee's sentence, when combined with his previous sentence of 30 days' imprisonment, could not exceed six years. However, the court sentenced McKee to the maximum of 72 months' imprisonment, which did not account for his

6

previous sentence of 30 days' imprisonment. Accordingly, we remand for resentencing. *See Shealy v. State*, 2024 Ark. App. 429, ___ S.W.3d ___; *Stanley v. State*, 2022 Ark. App. 298.

Affirmed; remanded for resentencing.

VIRDEN and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.