Cite as 2025 Ark. App. 113

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-139

| | |
|---|---|
| ANTHONY CARDAN PETTIES<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 26, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-22-1134]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Anthony Cardan Petties appeals his conviction of felon in possession of a firearm, arguing that there was insufficient evidence to support his conviction. We affirm.

I. *Relevant Facts*

On October 24, 2022, Petties was charged by criminal information with simultaneous possession of drugs and firearms, possession of methamphetamine with the purpose to deliver, possession of firearms by certain persons, and possession of drug paraphernalia. The charge of possession of a firearm by certain persons was severed from the other charges, and he was tried on November 6, 2023.

At the jury trial, the following testimony and evidence was adduced. Early on the morning of October 20, 2022, Fort Smith Police Department officers arrested an

unidentified woman for public intoxication. During her arrest, the woman spontaneously stated there were "guns and drugs in room twenty-three at the Capri Motel." The officers, who were familiar with Petties, saw Petties's car parked directly outside room twenty-three. Around 2:00 p.m., an officer returned to the motel and watched the room for about thirty minutes. After a break, he returned and surveilled the room for another hour. Only Petties entered or exited the room during police surveillance. Eventually, Petties exited room twenty-three, keys in hand, and officers stopped him to talk. Petties told the officers that he did not think there were drugs or guns in the room, but if there were, they were not his. After officers entered the room, Petties told them that he shared the room with his brother, who was sitting in a chair in the room, and instructed the officers not to "charge him with anything in the room." Petties also told officers that "everything in here belongs to me." Petties's brother had the bed closest to the door, and Petties's belongings were on the other bed and the dresser and in the bathroom. Police found a safe inside a backpack next to Petties's bed. Drug paraphernalia, including smoking devices, syringes, and scales with residue were also found in the room. Petties claimed that someone else left the bag containing the safe in the room, but he did not identify the person. None of Petties's keys unlocked the safe, and he did not know the combination. Petties offered to call the unidentified person to get the combination, but Police forced it open instead. Inside they found syringes that matched the other syringes in the room and a gun. When police found the gun, Petties commented that it was going to cost him a lot of years. He explained that he knew there was paraphernalia in the safe, and he thought that maybe "he" (the other person) had left a gun in it as well.

Petties called his mother to let her know what was happening and told her that he was not sure how he would beat the gun charge or prove that it was not his.

Defense counsel moved for a directed verdict, arguing that the State had not offered any evidence that Petties owned the gun, and he did not physically possess the gun because it was not on him when they found it. As to constructive possession, counsel argued that Petties did not have a key to the safe or know the combination.

The State rested, and the defense did not offer any witnesses. Petties renewed his directed-verdict motion, and the court again denied it. The jury found Petties guilty of possession of a firearm by certain persons, and he was sentenced as a habitual offender to a term of twenty years' imprisonment in the Arkansas Division of Correction with an additional twenty years' suspended imposition of sentence. Petties timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Bens v. State*, 2020 Ark. App. 6, 593 S.W.3d 495. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of

any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

No person who has been convicted of a felony shall possess or own any firearm. Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016). A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *Bens, supra*.

When possession of contraband is an element of the offense, the State is not required to prove literal physical possession. *Block v. State*, 2015 Ark. App. 83, 455 S.W.3d 336. Constructive possession is sufficient. *McKee v. State*, 2024 Ark. App. 538, 700 S.W.3d 509. To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Block, supra.* We look to whether the contraband was located in a place that was under the dominion and control of the accused. *McKee, supra.* Constructive possession may be inferred when the contraband is in the joint control of the defendant and another person. *Id.* Joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Id.* The defendant's control over and knowledge of the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, the ownership of

the property where the contraband is found, and the accused's suspicious behavior. *McKee, supra.*

Petties admits that he is a convicted felon; his only argument is that the proof does not support the jury's conclusion that he possessed the firearm. We disagree. Petties told officers that everything in the room was his, and he suspected there was a gun in the safe. The safe was inside a backpack next to Petties's bed; thus, without resorting to speculation or conjecture, the jury was able to conclude that Petties exercised care, control, or management of the firearm inside the safe. When speaking with his mother on the phone, Petties stated that he was not sure how he would beat the gun charge or prove that it was not his, which the jury could infer meant that Petties knew the items possessed were contraband. *See Knauls v. State*, 2020 Ark. App. 48, at 4, 593 S.W.3d 58, 61.

Viewing the evidence in the light most favorable to the State, we hold that there is sufficient evidence to uphold Petties's conviction for felon in possession of a firearm.

Accordingly, we affirm.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*James Law Firm*, by: William O. *"Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.