Cite as 2025 Ark. App. 166

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-275

|  |  |  |
|---|---|---|
| | | Opinion Delivered March 12, 2025 |
| JIMMY DON WADE | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-21-441] |
| V. | | |
| | | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Jimmy Wade was convicted in a bench trial of trafficking a controlled substance (methamphetamine), a Class Y felony, and Class B felony possession of drug paraphernalia. For these convictions, Wade was sentenced as a habitual offender to fifty-five years in prison. Wade now appeals, arguing that there was insufficient evidence to support either conviction. We affirm.

A person engages in trafficking a controlled substance if he or she possesses 200 grams or more of methamphetamine. Ark. Code Ann. § 5-64-440(b)(1) (Repl. 2016). A person commits Class B felony possession of drug paraphernalia if the person possesses with the purpose to use drug paraphernalia to pack or repack a controlled substance that is methamphetamine. Ark. Code Ann. § 5-64-443(b) (Supp. 2019).

In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the trier of fact to decide. *Id.* Further, the credibility of witnesses is an issue for the trier of fact and not the appellate court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra.*

Officer Tanner Williams of the Conway Police Department testified that he was patrolling on April 23, 2021, when he stopped a car being driven by Wade for failure to signal before changing lanes. Jami Blaylock was in the front passenger seat of the car, and Samantha Bingham was in the right back seat. Officer Williams stated that as he was making the stop, he could see people moving around inside the vehicle. Officer Williams testified further that although Wade was the car's driver, the car did not belong to him, and Officer Williams could not recall who the car belonged to.

During the traffic stop, Officer Williams deployed his canine, which alerted to the presence of narcotics. Officer Williams and other officers then searched the car and found

large quantities of methamphetamine in the back seat. Specifically, a backpack located in the middle of the back seat contained four baggies containing methamphetamine. The backpack also contained opened envelopes bearing Wade's name as well as two Viagra pills. Directly behind the driver's seat on the left side of the back seat was a pile of clothes on hangers, and underneath the clothes was another baggie containing methamphetamine. Officer Williams could not recall whether the clothes were women's or men's clothes. On the floorboard of the back seat was a storage box containing additional baggies that were identical to the baggies that contained methamphetamine. Officer Williams described this box as a "makeup box," "tackle box," or "jewelry box." Officer Williams stated that after the contraband was seized, Wade was arrested, and Ms. Blaylock was permitted to drive away in the car.[1]

Officer Todd Wesbecher testified that he assisted with the traffic stop and that he questioned Wade after Wade had been Mirandized. According to Officer Wesbecher, Wade told him that everything in the car belonged to him and that there was half a pound of methamphetamine in the car. Wade told Officer Wesbecher that the methamphetamine was located inside a backpack and among clothes in the back seat. At the time Wade disclosed that there was methamphetamine among the clothes in the back seat, that baggie had not yet been found by the police. This information provided by Wade prompted Officer

---

[1]During the stop, the back-seat passenger, Ms. Bingham, was found to be in possession of a few grams of methamphetamine and a syringe, and she was also arrested. There was testimony that about a month prior, the police had found Ms. Bingham in possession of significant amounts of narcotics and cash.

Wesbecher to instruct Officer Williams to look under the clothes and the baggie of methamphetamine was discovered.

Officer Kyle Krogman also assisted with the traffic stop. Officer Krogman testified that the baggies found in the storage box were new baggies and were consistent with those used by a drug dealer to package and sell methamphetamine, "kind of like the evidence" consisting of the baggies of methamphetamine that had been admitted at trial.

Dan Hedges, a forensic chemist with the Arkansas State Crime Laboratory, confirmed that the substances seized from the backpack and from underneath the clothing were methamphetamine. Mr. Hedges testified that the total weight of the methamphetamine seized from the baggies in the backpack was 105 grams and that methamphetamine in the baggie found underneath the clothing weighed 108 grams, for an aggregate weight of 213 grams of methamphetamine.

The trial court convicted Wade of trafficking methamphetamine and possession of drug paraphernalia. Wade appealed, and on appeal he challenges the sufficiency of the evidence to support both convictions.

Wade's first argument is that there was insufficient evidence to support his conviction for trafficking methamphetamine. In order to sustain that charge, the State was required to prove that Wade was in possession of 200 or more grams of methamphetamine, and Wade contends that there was insufficient evidence that he actually or constructively possessed that amount.

4

When possession of contraband is an element of the offense, the State is not required to prove literal physical possession. *Block v. State*, 2015 Ark. App. 83, 455 S.W.3d 336. Constructive possession is sufficient. *McKee v. State*, 2024 Ark. App. 538, 700 S.W.3d 509. To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Block, supra.* We look to whether the contraband was located in a place that was under the dominion and control of the accused. *McKee, supra.* Constructive possession may be inferred when the contraband is in the joint control of the defendant and another person. *Id.* Joint occupancy alone is not sufficient to establish possession or joint possession; there must be some additional factor linking the accused to the contraband. *Id.* In joint-occupancy cases, the State must prove two additional elements: (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. *Id.* Factors to be considered in cases involving automobiles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Thomas v. State*, 2024 Ark. App. 159, 686 S.W.3d 576.

In challenging the sufficiency of the evidence to support the trafficking conviction, Wade evidently does not contest that he was in constructive possession of the 105 grams of methamphetamine found in the backpack that also contained open envelopes bearing his

name and the Viagra pills. Wade's argument focuses instead on the 108 grams of methamphetamine found in the baggie underneath the clothes. Wade contends that there was insufficient evidence that he was in possession of that baggie, and when that amount is deducted from the total amount seized from the car, the State failed to meet the 200-gram threshold for proving trafficking of methamphetamine.

Wade argues that from the evidence presented, it is more plausible that the back-seat passenger, Ms. Bingham, and not he, possessed the baggie of methamphetamine underneath the clothes that were in the back seat behind the driver's seat. Wade asserts that the clothes were more accessible to Ms. Bingham and that they were represented as predominantly women's clothing.[2] Wade asserts further that this baggie was in a different location than the baggies seized from the backpack and that a "jewelry box" containing additional baggies near Ms. Bingham. Finally, Wade notes that Ms. Bingham had been arrested just a month earlier after being found in possession of large amounts of narcotics and cash. Wade contends that, on the basis of these facts, the State failed to prove he possessed more than 200 grams of methamphetamine and thus that the trafficking conviction should be reversed.

We disagree with Wade's argument and hold that there was substantial evidence that Wade was in possession of all of the methamphetamine seized from the car, including the methamphetamine found underneath the clothes behind the driver's seat. Although the car

---

[2]We observe that the only testimony on that issue was that Officer Williams could not recall whether these were men's or women's clothes, although he did acknowledge that the clothes remained in the car when the police permitted Ms. Blaylock to assume control of the car after Wade's arrest.

6

did not belong to Wade, he was driving the car and was therefore in control of it. The testimony showed that, after he had been Mirandized and was speaking with Officer Wesbecher, Wade told Officer Wesbecher that everything in the vehicle belonged to him and that there was half a pound of methamphetamine in the car. Wade told Officer Wesbecher that the methamphetamine was located in a backpack and among clothes in the back seat. Notably, when Wade disclosed that there was methamphetamine among the clothes in the back seat, that baggie of methamphetamine had not yet been found by the police during the search. Therefore, Wade not only claimed ownership of it but he also confirmed knowledge of its concealed location. The forensic chemist testified that the aggregate weight of the methamphetamine seized from the backpack and from underneath the clothing was 213 grams. Having reviewed the evidence, we conclude that substantial evidence supports the trial court's finding that Wade committed trafficking methamphetamine by being in possession of 200 or more grams of the controlled substance.

Wade's remaining argument is that there was insufficient evidence to support his conviction for possession of drug paraphernalia. Wade does not contest that the baggies found in the storage box in the back seat, which were identical to the baggies that contained methamphetamine, were drug paraphernalia. However, he argues that it is equally plausible that Ms. Bingham possessed these baggies, given that the box was in the back seat with Ms. Bingham and that it was described as a "jewelry box." Wade states that the car did not belong to him and that common sense would dictate that a female would more likely possess a jewelry box than a male.

We hold that there was substantial evidence to support Wade's conviction for possession of drug paraphernalia. As stated previously, during the traffic stop, Wade admitted that everything in the vehicle belonged to him, and he directed the officers to the specific locations where methamphetamine was packaged in baggies. The new, unused baggies found in the storage box were identical to the baggies containing the methamphetamine. Considering Wade's statement that everything in the vehicle belonged to him, the similarity of the new baggies to those that contained methamphetamine, and Officer Krogman's testimony that the baggies found in the storage box were consistent with those used by a drug dealer to package and sell methamphetamine, substantial evidence supports the trial court's finding that Wade possessed the baggies with the purpose to pack methamphetamine. Therefore, we affirm Wade's conviction for possession of drug paraphernalia as well.

In conclusion, we hold that there was substantial evidence to support Wade's conviction for trafficking a controlled substance and his conviction for possession of drug paraphernalia. Accordingly, we affirm both convictions.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Shaw & Elenbaas*, by: *Eric Nicholas Wilson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.

8